IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| 968 FRANKLIN MANOR LLC | * | |
| | * | Civil Action No. CCB-20-1250 |
| v. | * | |
| | * | |
| ANNE ARUNDEL COUNTY OFFICE | * | |
| OF PLANNING AND ZONING, *et al.* | * | |
| | * | |

**MEMORANDUM**

This action concerns a real property dispute between plaintiff 968 Franklin Manor LLC ("Franklin Manor") and defendants Anne Arundel County Office of Planning and Zoning (the "County") and several individuals associated with the Office—Steven Kaii-Ziegler, its Director; Kelly Krinetz, its Planning Administrator; and Steuart Pittman, the County Executive. Before the court is the defendants' motion to dismiss or in the alternative for summary judgment (ECF 10).[1] The matter has been fully briefed and no oral argument is necessary. *See* Local Rule 105(6). For the reasons discussed herein, the court will grant the defendants' motion to dismiss as to Franklin Manor's federal takings claim, and the court will decline to exercise supplemental jurisdiction over and will remand the remaining state law claims.

**FACTS AND PROCEDURAL HISTORY**

At the center of this dispute is a piece of real property located at 968 Franklin Manor Road in Churchton, Anne Arundel County, Maryland. (ECF 2, Compl., ¶ 7). The previous owner of the property intended to develop the land for senior housing and, on January 12, 2005, granted a conservation easement to the County pursuant to the terms of the proposed development. (*Id.* ¶¶ 8–9). The easement was recorded in the land records of Anne Arundel

---

[1] Because the court resolves this motion without reference to or reliance on any matters outside the pleadings, the court will construe the motion as one to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d).

1

County.  (*Id*. ¶ 8).  The development project later became insolvent and Franklin Manor acquired the deed to the property on November 15, 2011.  (*Id.* ¶¶ 7, 10).

Franklin Manor has requested the defendants to terminate the conservation easement because, in its view, the purpose for granting the easement was eliminated when the planned development project became insolvent.  (*Id*. ¶ 15–16).  The defendants have declined that request.  (*Id.* ¶ 17).  Franklin Manor avers that the continued existence of the easement has impeded its attempts to sell the property, has reduced the property's value, and has caused Franklin Manor to suffer monetary damages.  (*Id.* ¶¶ 18, 32).

Franklin Manor filed this lawsuit in the Circuit Court for Anne Arundel County on April 9, 2020.  On May 19, 2020, the defendants removed the case to this court, claiming the court has federal question jurisdiction over the Fifth Amendment takings claim and supplemental jurisdiction over the related state constitutional takings claim and the state law action to quiet title.  (ECF 1, Notice of Removal, ¶ 4).  On June 8, 2020, the defendants filed their motion to dismiss.

## STANDARD OF REVIEW

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from

conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss.  *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

## DISCUSSION

The Fifth Amendment to the United States Constitution prohibits the state and the federal government from taking private property for public use without just compensation.  The government is required to pay just compensation for "direct government appropriation or physical invasion of private property" and for "regulation that goes too far in restricting the use of private property."  *Quinn v. Bd. of Cty. Comm'rs for Queen Anne's Cty., Md.*, 862 F.3d 433, 438 (4th Cir. 2017) (internal quotations and citations omitted).  Here, the government neither physically took possession of the property nor denied to Franklin Manor all economically viable use, so Franklin Manor's takings claim could only succeed, if at all, under the regulatory taking framework.  *See Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 329–330 (4th Cir. 2005).

"A regulatory taking occurs when a regulation or limitation on land use interferes with a landowner's rights but does not deprive the land of all economically viable use."  *Id.* at 330 (citing *Penn Cent. Trans. Co. v. New York City*, 438 U.S. 104 (1978)).  "The analysis in a [regulatory] takings case necessarily begins with determining whether the government's action actually interfered with the landowner's antecedent bundle of rights," for if there is no interference, then there is no taking.  *Id.*  Notably though, the Fifth Amendment "does not . . .

create an affirmative obligation on local governments 'to enhance the value of real property[.]'" *Quinn*, 862 F.3d at 439 (quoting *Front Royal & Warren Cty. Indus. Park Corp. v. Town of Front Royal*, 135 F.3d 275, 286 (4th Cir. 1998)).  Indeed, it is clear that government inaction generally "cannot be the basis for takings liability."  *Love Terminal Partners, L.P. v. United States*, 889 F.3d 1331, 1341 (Fed. Cir. 2018); *see also Bench Creek Ranch, LLC v. United States*, 149 Fed. Cl. 222, 227 (Fed. Cl. 2020) (allegations that the Bureau of Land Management's failure to manage wild horses which trampled plaintiff's property could not be characterized as a taking because "the government's inaction cannot form the basis of a takings claim"); *St. Bernard Parish Gov't v. United States*, 887 F.3d 1354, 1360–61 (Fed. Cir. 2018) (noting that "a takings liability arises from an 'authorized activity'" and collecting cases demonstrating that "government liability has uniformly been based on affirmative acts by the government or its agent").  *But see Swartz v. Beach*, 229 F. Supp. 2d 1239, 1262–63 (D. Wyo. 2002) (holding that a state's failure to carry out its affirmative statutory and regulatory obligations such that it results in the destruction of private property could constitute a taking).

In this case, the gravamen of Franklin Manor's complaint is that the County has failed to terminate the easement granted to it by the previous owner of the property.  (*See* ECF 2 ¶¶ 17–18 ("Defendants have refused to terminate the Conservation Easement[,]" thereby "imped[ing] attempts by Plaintiff to sell the property" and "reduc[ing] the property's value[.]")).  The easement was recorded in the land records for Anne Arundel County, so Franklin Manor bought the property with the knowledge it was subject to the easement.  (*Id.* ¶ 8).  The complaint states that the County "has the right . . . to terminate the easement and its interests in the property[,]" but makes no reference to any obligation or duty to terminate or abandon the easement.  (*Id.* ¶ 14).  At bottom, then, Franklin Manor asserts that government inaction has effected a taking of

its property.  In the absence of an affirmative duty on the County to abandon the easement, and none is pled here, Franklin Manor has failed to state a Fifth Amendment takings claim.[2]

Having determined that it will dismiss the only federal claim raised in the complaint, the court has the discretion to remand this action to state court.  *See* 28 U.S.C. § 1367(c) (stating that a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction"); *see also Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 316 (4th Cir. 2001).  When, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966)).  Nevertheless, in exercising its discretion, the court should consider the factors of judicial economy, convenience, fairness, and comity.  *Id.* at 351.  Here, those factors all point to remand: absent the federal takings claim, all that remains in this action is a dispute asserting a state constitutional claim and a state property law claim which a state court is best positioned to resolve.[3]

---

[2] In addition to asserting that Franklin Manor has not pled facts sufficient to state a Fifth Amendment takings claim, the defendants also argue that Franklin Manor's claim should be barred for failure to exhaust administrative remedies under *Plakas v. Middlesex Cty., Va.*, 803 F.2d 714 (4th Cir. 1986), and *Williamson Cty. Reg. Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).  (*See* ECF 10 at 10).  Though the court notes that *Williamson County* was overruled by *Knick v. Township of Scott, Pa.*, 139 S. Ct. 2162 (2019), the court does not reach this argument because it resolves Franklin Manor's takings claim on the alternative grounds described herein.

[3] The sole remaining claim that could look to federal law for resolution is the state takings claim arising under Article III of the Maryland Constitution because Article III is interpreted *in pari materia* with the Takings Clause of the Fifth Amendment.  *See Chae Bros. v. Mayor & City Council of Balt.*, No. GLR-17-1657, 2018 WL 1583468, at *9 (D. Md. Mar. 30, 2018) (citing *Bureau of Mines of Md. v. George's Creek Coal & Land Co.*, 321 A.2d 748, 755 (Md. 1974)).  Regardless, the Maryland Constitution is "obviously independent [of the federal constitution] and capable of divergent application," *Frankel v. Bd. of Regents*, 361 Md. 298, 313 (2000), and decisions applying federal constitutional provisions are "no more than persuasive authorities" to the resolution of state constitutional questions, *Dua v. Comcast Cable of Md., Inc.*, 370 Md. 604, 623 (2002).  Thus, even if federal law is potentially implicated in the resolution of the Article III claim, for reasons of comity, a state court should be permitted to make that decision.

## CONCLUSION

For the reasons stated herein, the defendants' motion to dismiss will be granted. Franklin Manor's Fifth Amendment takings claim will be dismissed, and the remaining state law claims will be remanded to the Circuit Court for Anne Arundel County, Maryland. A separate order follows.


|   |   |
|---|---|
|   11/9/20 |   /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |